IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KAREN BUSH,                      }
                                 }
     Plaintiff,                  }
                                 }      CIVIL ACTION NO.
v.                               }
                                 }      2:15-cv-1133-WMA
WINN DIXIE MONTGOMERY, LLC,      }
                                 }
     Defendant.                  }

**MEMORANDUM OPINION**

Plaintiff, Karen Bush ("Bush"), has moved to remand her above entitled action to the Circuit Court of Jefferson County (Bessemer Division), from which it was removed by defendant, Winn Dixie Montgomery, LLC ("Winn Dixie"). The notice of removal invokes this court's original jurisdiction pursuant to 28 U.S.C. § 1332, claiming that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interest and costs. The question before the court, however, is not whether the requisites for § 1332 jurisdiction exist, but whether the removal was timely under 28 U.S.C. § 1446(b).

Winn Dixie was served with the complaint on July 21, 2014. It did not remove until July 7, 2015, nearly a year later, when it was bumping up on the one-year limitation on removal provided by 28 U.S.C. § 1446(c). It attempts to justify its delay by asserting in its notice of removal that it only learned that Bush was seeking more than $75,000 when she failed to respond to its request made in state court on May 28, 2015, for an admission that "[p]laintiffs

[sic] seek damages in this action in excess of $75,000.00, exclusive of costs and interest." Winn Dixie offers no explanation for its nine month wait to request the said admission.

Although Bush's complaint contained no ad damnum clause, it is impossible for this court to believe that in today's world Winn Dixie, a sophisticated business entity, believed that the amount being sought by Bush was less than $75,000 or was so speculative that clarification was needed. Most Alabama defendants and federal judges, including this one, are not guessing or speculating when they recognize the obvious from the complaint itself, based on their experience, intelligence, and common sense. All of this will be discussed *infra*.

Not too many years ago, the fact that a complaint filed in an Alabama court contained no ad damnum would have been an invitation for a defendant to do exactly what Winn Dixie did here. But, because federal judges in Alabama in that earlier era were routinely remanding diversity cases for lack of a clear appearance of the jurisdictional amount in the state court complaint, the Eleventh Circuit took corrective steps. That court, which binds this court and every other Alabama federal court, has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000. This is no more than a recognition of

verdict inflation since the jurisdictional amount was raised from $10,000 to $50,000 in 1988, and from $50,000 to $75,000 in 1996, and of the Congressional intent when it enacted § 1332 to provide a federal forum for defendants that are faced with major financial exposure if they proceed to trial in the state forum chosen by a resident plaintiff. This new opening of the federal courts of Alabama to non-resident defendants has taken away the artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient of leaving out an ad damnum clause. This court has since 2010 reversed course and held that a plaintiff like Bush who wants to stay in her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery. *See Smith v. State Farm Casualty Co.*, 868 F. Supp. 2d 1333 (N.D. Ala. 2012). It was in *Smith v. State Farm* that this court coined the phrase "THAT WAS THEN. THIS IS NOW."

This revolutionary proposition was thoroughly and persuasively expounded by the Eleventh Circuit in *Roe v. Michelin North American, Inc.*, 613 F.3d 1058 (2010). The court affirmed the opinion of district judge Thompson of the Middle District of Alabama in *Roe v. Michelin North American, Inc.*, 637 F. Supp. 2d 995 (2009), and held:

> Michelin's notice of removal states that it is facially apparent from Roe's complaint that the case, more likely than not, exceeds the $75,000 amount-in-controversy requirement. Roe argues it is not for the district court to determine whether the claim likely exceeds $75,000, if the plaintiff has not explicitly stated the amount of damages he seeks.

If a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper. *See, e.g.*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010). **In other cases, however, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages**." *See id.* at 754 (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).

\* \* \*

Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See id.* at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams*, 269 F.3d at 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. This approach is consistent with those of other circuits.

\* \* \*

The issue arises with some frequency in the Fifth Circuit, because "plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing La. Code Civ. Proc. art. 893).

4

Like the Eleventh Circuit, the Fifth Circuit requires that when the complaint omits a specific allegation as to the damage amount, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy is adequate." *See Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003) (quotations omitted). The defendant may meet its burden "by establishing that it is 'facially apparent' that the claims probably exceed $75,000." *Id*.

In *Luckett v. Delta Airlines, Inc.*, for example, the Fifth Circuit held that a complaint sufficiently established federal diversity jurisdiction in a case removed from Louisiana state court, despite the lack of a specific damage request. 171 F.3d 295, 298 (5th Cir. 1999). The Fifth Circuit "found [the] complaint's allegations of property damage, travel expenses, [an] emergency ambulance trip, six days in the hospital, pain and suffering, humiliation, and a temporary inability to do housework . . . combined to meet the jurisdictional requirement even though no amount of damages was pled." *Felton*, 324 F.3d at 774 (summarizing the holding in *Luckett*); *Luckett*, 171 F.3d at 298 ("Reading the face of the complaint, the district court did not err in finding that Luckett's claims exceeded $75,000.").

Similarly, in *Gebbia*, the Fifth Circuit held that a complaint lacking a specified damage request met the amount-in-controversy requirement. The court explained that the plaintiff's allegations—that her slip and fall resulted in severe physical injury, lost wages, lost enjoyment of life, and pain and suffering—appeared to comprise a claim worth more than $75,000. 233 F.3d at 883 (affirming the district court's denial of the plaintiff's motion to remand to Louisiana state court).

\* \* \*

For instance, a plaintiff could "defeat federal jurisdiction simply by drafting his pleadings in a way that did not specify an approximate value of the claims and thereafter provide the defendant with no details on the value of the claim." *Id*. Plaintiffs skilled in this form of artful pleading could, with this "trick," simply "make federal jurisdiction disappear." See *id*. Indeed, if courts were to rely solely on a plaintiff's damage statements, as Roe suggests, it is difficult to imagine a punitive damages suit that could be removed against a

> plaintiff's wishes. Both policy and precedent counsel against rewarding such obfuscating tactics.
>
> * * *
>
> District Judge Thompson independently appraised Roe's claims and concluded that they likely met the jurisdictional amount in controversy. We review this determination de novo, applying our own judicial experience and common sense. See *Williams*, 269 F.3d at 1318. After carefully considering the complaint, we agree with Judge Thompson's conclusion that the value of Roe's claims more likely than not exceeds $75,000. Even Roe does not argue that Judge Thompson's appraisal of the worth of the claims was inaccurate; rather, Roe contends only that the district judge lacked the power to engage in that analysis in the first place. As Part II.A. explains, however, the district court did not overstep by relying on its judicial experience and common sense to determine whether Roe's claims likely exceed $75,000.

*Roe*, 615 F.3d at 1060-65 (emphasis added) (footnotes omitted).

The eyes of this court were opened by *Roe v. Michelin*, as is reflected in this court's subsequent opinions. Other Alabama federal courts agree with this court, that is, with the notable exceptions of two fine judges in the Southern District of Alabama. In *Lambeth v. Peterbilt Motors Co.*, No. 12-169-WS-N, 2012 WL 1712692 (S.D. Ala. May 15, 2012) and *Earl v. Diebold, Inc.*, No. 14-498-KD-C, 2015 WL 789763 (S.D. Ala. Feb. 25, 2015), Judges Dubose and Steele remanded cases which had been removed based on the defendants' allegations that the jurisdictional amount for a § 1332 removal could be discerned from the face of the complaints that, as usual, lacked ad damnum clauses. This court respectfully disagrees with his learned colleagues in the Southern District and would have denied remand and kept both cases. It would be interesting to know

6

whether after the two cases were remanded the defendants got a confession that plaintiff sought more than $75,000 and thereupon removed again. If that happened, there was a considerable waste of judicial resources.

Winn Dixie, of course, relies on *Lambert* and *Earl* and says that it was precluded from speculating about the indeterminate jurisdictional amount, so that in order to remove it needed the assurance of an admission. As this court held in *Smith v. State Farm*, the existence of the jurisdictional amount in a case like this one is not speculative. The complaint itself is the wake-up call. The defendant cannot snooze through it. The 30 day opportunity to remove provided by 28 U.S.C. § 1446(b) was triggered by the complaint. If a removing defendant in such a case is so unfortunate as to have its case assigned to a judge who reads *Roe v. Michelin* as do the two judges in the Southern District, it can, of course, litigate in the state court and bide its time until the plaintiff in his opening statement to the jury itemizes his damages, putting on the blackboard something like this:

    Medical expenses   ——   $40,000
    Pain and suffering   ——   $100,000
    Punitive damages   ——   $2,000,000
    Total                            $2,140,000

According to Winn Dixie's reasoning if this happened it could immediately file its notice of removal, saying that it learned for the first time what had previously been a closely guarded secret

and something that could not have been ascertained from the face of the complaint upon an exercise of good judgment, after due rumination and cogitation.

As recently as August 20, 2015, this court denied a plaintiff's motion to remand a diversity case removed within 30 days from its filing in state court. *Geodesic Consulting, LLC v. BBVA USA Bancshares, Inc.*, No. 2:15-cv-1225-WMA, 2015 WL 4985474 (N.D. Ala. 2015). The complaint there was enigmatic with respect to damages in that it lacked any quantification of damages, but the defendant there was alert to the lessons in *Roe v. Michelin* and in *Smith v. State Farm*. It did not snooze. It succeeded in getting into federal court.

This court is not the only court that has read *Roe v. Michelin* as this court reads it. *See Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 WL 3417656 (M.D. Fla. July 14, 2014) (in which Judge Howard quotes from *Smith v. State Farm*); and *Seckel v. Travelers Home & Marine Ins. Co.*, No. 4:12-cv-4163-KOB, 2013 WL 360421 (N.D. Ala. Jan. 29, 2013) (in which Judge Bowdre quotes from *Smith v. State Farm*).

## CONCLUSION

This court can find no logical reason why it was not just as apparent to Winn Dixie when it first read this complaint, as it now is, that the amount in controversy exceeds $75,000 when the complaint was filed. Because the removal occurred more than 30 days after the jurisdictional amount was clearly apparent, the motion to

8

remand will be granted.

DONE this 31st day of August, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE